UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

------------------------------------------------------------ X

IN RE YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION

3:09-md-02100-DRH-PMF

MDL No. 2100

------------------------------------------------------------

Judge David R. Herndon

**This Document Relates to:**

*Elizabeth Carrion, et al. v. Bayer Corporation, et al.* No. 3:12-cv-10704-DRH-PMF[1]

*Margaret Colson, et al. v. Bayer Corporation, et al.* No. 3:12-cv-11434-DRH-PMF[2]

*Elizabeth Barns, et al. v. Bayer Corporation, et al.* No. 3:13-cv-10371-DRH-PMF[3]

*Sophia Darlington, et al. v. Bayer Corporation, et al.* No. 3:13-cv-10372-DRH-PMF[4]

*Christina Brown, et al. v. Bayer Corporation, et al.* No. 3:10-cv-11539-DRH-PMF[5]

**SPECIAL MASTER'S REPORT AND RECOMMENDATION REGARDING MOTION TO DISMISS WITH PREJUDICE**

On March 16, 2013, Bayer filed a motion seeking with prejudice dismissal, of the above captioned plaintiffs' claims.[6] The motion seeks dismissal, pursuant

---

[1] This order applies to only plaintiff Amber Croxford.
[2] This order applies to only plaintiff Brandi Larmee.
[3] This order applies to only plaintiffs Elizabeth Barns, Jennifer Guadalupe, and Cody Schwerdtfeger.
[4] This order applies to only plaintiffs Shannon Baxter, Mary Blum, and Catherine Standlee.
[5] This order applies to only plaintiff Katie Williams.
[6] On March 16, 2014, Bayer filed a motion to dismiss with prejudice seeking dismissal of the claims of specified plaintiffs in 19 member actions. Counsel for the plaintiffs in the above captioned member actions sought leave to withdraw after the motion was filed. Upon granting

to Case Management Order 60 ("CMO 60"), for failure to submit *any* Claim Package Materials.[7]

Pursuant to the Court's local rules, the plaintiffs had 30 days to file a responsive pleading.[8] None of the above captioned plaintiffs filed a responsive pleading. At the expiration of the responsive pleading deadline, as is required under CMO 60, the motion was considered by Special Master Stephen Saltzburg.[9] On June 3, 2014, Special Master's Saltzburg's report and recommendation relating to the above captioned cases was docketed. Special Master Saltzburg found that the subject plaintiffs failed to comply with the requirements of CMO 60 and recommended that the subject plaintiffs' claims be dismissed with prejudice in accord with the requirements of CMO 60.

In each case, the parties were given 14 days to respond or object to Special Master Saltzburg's report and recommendation. The 14 day deadline for responding or objecting to the Special Master's report has expired. None of the above captioned plaintiffs has responded or objected.

---

counsels' motions for leave to withdraw, the Court granted responsive pleading extensions to allow each plaintiff sufficient time to locate new counsel or proceed *pro se*. In each case, the responsive pleading extension has passed and the motions are now ripe for consideration by the undersigned.

[7] Pursuant to the "Settlement Agreement," Exhibit A to CMO 60, plaintiffs enrolled in the Gallbladder Resolution Program are required to submit to the Claims Administrator all the Claim Package Materials identified in Section 3.03(a) of the Settlement Agreement. Section 3.01 of the Settlement Agreement fixed November 18, 2013 as the deadline for submission of a complete Claims Package. The subject motion asserts that the plaintiffs have failed to comply with this requirement.

[8] The above captioned plaintiffs, however, received a pleading extension. Despite receiving this extension, none of the above captioned plaintiffs has filed a timely response.

[9] Section VIII of CMO 60 "appoints Professor Stephen Saltzburg as Special Master to hear motions to dismiss claims that fail to comply with the terms of the Agreement, and to recommend to this Court rulings on such motions, as specified in the Agreement" (Doc. 2739 p. 8).

Upon consideration of Bayer's motion to dismiss, the Special Master's report, and the requirements of CMO 60, the Court finds that the above captioned plaintiffs have failed to comply with CMO 60. Accordingly, the Court adopts Special Master Saltzburg's report and recommendation. The above captioned plaintiffs' claims are **DISMISSED WITH PREJUDICE** for failure to comply with the requirements of CMO 60.

SO ORDERED:

Digitally signed by
David R. Herndon
Date: 2014.06.24
09:37:05 -05'00'

**Chief Judge**  
**United States District Court**                                       Date:  June 24, 2014